**Robert Shelton BLALOCK and Catherine Blalock, Plaintiffs,**

v.

**LOCTITE CORPORATION, Defendant.**

No. 3:94–CV–0403.

United States District Court,
E.D. Tennessee.

July 2, 1996.

Henry C. Walter, Jr., Walter, Gilbertson & Associates, Knoxville, TN, for Plaintiffs.

Robert S. Blalock and Catherine Blalock, pro se.

Daryl R. Fansler and Robert R. Davies, Stokes & Fansler, Knoxville, TN, for Defendant.

### MEMORANDUM AND ORDER

JORDAN, District Judge.

The court dismissed this civil action in an order filed on August 11, 1995 [doc. 45], granting the defendant's motion to dismiss under Fed.R.Civ.P. 37 for the plaintiffs' failure to cooperate in discovery. In a memorandum opinion [doc. 53] and order [doc. 54] filed on October 26, 1995, the court denied the plaintiffs' motion under Fed.R.Civ.P. 60

for relief from the order dismissing the civil action, stating in part,

> While this civil action was pending, the court provided to the plaintiffs an ample opportunity to cooperate in lawful discovery. The plaintiffs have not shown why they could not have obtained before the court dismissed this civil action the material which they now submit. Furthermore, there is nothing in this material submitted postjudgment which establishes that the plaintiffs should have for any reason been excused from cooperating in lawful discovery.

The plaintiffs have now filed a document entitled "Presentation of Medical Findings and Request for Reconsideration of Case Dismissal" [doc. 55], which the court will treat as a motion under Fed.R.Civ.P. 60(b). Attached to this motion is a copy of a two-page discharge summary signed by Archer Tullidge, M.D. This discharge summary shows a hospitalization of the male plaintiff at Methodist Medical Center in Oak Ridge, Tennessee, in August and September 1995, and shows that it was dictated and transcribed on October 25, 1995.

The court perceives no reason to delay ruling on this motion for the period of time allowed for response by L.R. 7.1, E.D. Tenn. The court finds that oral argument would not assist it in ruling on this motion.

The plaintiffs argue that the discharge summary submitted with this motion establishes that the male plaintiff suffers from multiple environmental allergies or multiple chemical sensitivity, and that the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101–12213, requires that this court "accommodate" the plaintiffs in this civil action. However, Dr. Tullidge's discharge summary shows a hospitalization for a course of psychiatric treatment; the stated discharge diagnosis of multiple environmental allergies appears to be based entirely on the history given by the male plaintiff. Even if this discharge summary stated any medical evidence of relevance to the plaintiffs' claims, no good cause is shown for a delay of eight months in submitting it to the court.

This is a product liability action not governed to any degree by the Americans with Disabilities Act. The plaintiffs have not cited, and the court has not through its own research found, any provision of the Americans with Disabilities Act which requires this court to set aside its earlier dismissal of this civil action.

Finally, nothing submitted by the plaintiffs as part of this motion shows any basis for excusing the plaintiffs from the normal requirements of discovery, or for reconsidering the court's Rule 37 dismissal of this civil action after having allowed the plaintiffs multiple opportunities to comply with the defendant's reasonable and lawful discovery requests.

For the reasons stated, the court finds the plaintiffs' motion, read as a Rule 60(b) motion, not well taken, and it is **DENIED**.